Louis C. SHABAREKH, Petitioner-
Appellee,

v.

CITY OF MIAMI, Respondent-
Appellant.

No. 71–1389
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 15, 1971.

Alan H. Rothstein, City Atty., S. R. Sterbenz, Asst. City Atty., Miami, Fla., for appellant.

Louis C. Shabarekh, pro se.

Theodore R. Gibson, II, Miami, Fla., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal arises from an order refusing to relieve the City of Miami from a judgment granting a writ of habeas corpus to Louis C. Shabarekh. This writ freed Shabarekh from the City's custody under sentences cumulating a total of 90 days on a charge of offering or agreeing to secure another person for prostitution and other violations of city ordinances. The proceedings were commenced with the comple-

* [1] Rule 18, 5th Cir.; see Isbell Enterprises v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

tion and filing on May 8, 1970 of a printed form of petition which stated the following grounds for issuance of the writ:

That the State failed to prove the case beyond a reasonable doubt and to a moral certainty, and a verdict of acquittal should have been granted. That the Court erred in permitting statements of Defendant to come into evidence as a corpus delecti had not yet been established. That Court erred in permitting photographs depicting the conditions of the area to be introduced into evidence as a search warrant for same had not been obtained. Court erred in finding defendant guilty in using indecent language as said language was used in the confines of his own home and not publicly. The sentences imposed were cruel and unusual and amounting to harsh punishment.

The Court issued an order to show cause in the following language:

THIS CAUSE came on before the Court upon petition for writ of habeas corpus, and pursuant thereto it is

ORDERED that the respondent, City of Miami, file a memorandum of law with citation of authorities with this Court not later than May 29, 1970, to show cause why this petition should not be granted.

DONE and ORDERED at Miami, Florida, this 13 day of May, 1970.

On May 19 Shabarekh moved the court to release him on bond pending the disposition of his petition for a writ of habeas corpus. It appears from a docket entry in the record before this Court that a hearing on this petition for bond was set on June 1, 1970 at 2:00 P.M. No notice of such a bond hearing or any return showing service of this notice is included in the record certified to this Court.

May 29, 1970 was a Friday which was celebrated as Memorial Day. Under Fed.R.Civ.P. 60(a), the time for the City's response to the order to show cause did not expire until the end of the day on Monday, June 1, 1970. The record in this court shows that at 4:51 P.M. on June 1 the City filed a memorandum of law with citation of authorities which asserted that Shabarekh's petition was erroneously brought under 28 U.S.C.A. § 2255 since he was in city, not federal, custody. It further alleged that Shabarekh had failed to exhaust available State remedies and that the grounds assigned in his petition were insufficient to support federal habeas. Without knowledge that the City had made this response, the court entered an order at 4:58 P.M. on June 1, 1970 which recited:

THIS CAUSE coming on to be heard upon Petition for Writ of Habeas Corpus, and the Court, having given Respondent, City of Miami, until the 29th day of May, 1970, to respond to said petition and show cause why the Petitioner should not be released, and the Respondent, City of Miami, having failed to so respond and show cause why the Petitioner should not be released from custody of the City of Miami Jail, and the Court, being fully advised in the premises, it is

CONSIDERED, ORDERED AND ADJUDGED:

That the Petitioner, LOUIS C. SHABAREKH, is hereby directed to be released from the City of Miami Jail forthwith.

When it was made known to the court that the city had responded, an additional order was entered June 4, 1970 which recited in pertinent part:

At two o'clock on the afternoon of June 1, 1970, a hearing was scheduled in this cause and notice thereof was properly directed to the City. When the cause was called for hearing, the City was unrepresented by counsel and no response had been filed pursuant to the rule to show cause. On that basis, the Court entered an Order on June 1, 1970, discharging the petitioner from custody of the City. It now develops that late on the afternoon of June 1, 1970, after the hear-

ing was conducted, the City filed a memorandum, which leaves a lot to be desired in the way of categorically responding to the petition. Although the petition is vague with respect to precisely what constitutional right was denied to petitioner, it does attack the validity of a search warrant which was used as a predicate for the introduction of certain evidence. Upon further reflection, the Court finds no valid reason to set aside its Order of June 1, 1970. This petitioner has served 55 days of a 90-day sentence and the effect of the June 1st Order, as reaffirmed in this Order, is to grant the writ and discharge the defendant from custody.

On June 9, 1970, the City of Miami moved for relief from the June 1 and June 4 orders pursuant to Fed.R.Civ.P. 60(b). In this sworn motion the City Attorney declared that he had not received any notice of the hearing on the motion to set bond and had no knowledge that such hearing was to be held. The motion further set out that the petitioner had served 69 days rather than 55 days of his 90-day sentence, but that fines totaling 1,025 dollars had also been assessed in the same proceedings and remained unpaid. In this motion, the city requested that it be allowed to file a complete return showing why the petition for writ of habeas corpus should not be granted. The record before us discloses no written response to this motion. On December 22, 1970, the trial court overruled the motion for relief from its June orders granting the writ of habeas corpus, reciting only that after hearing argument of counsel and being fully advised in the premises it adhered to and reaffirmed its prior orders.

■ We recognize that a motion under Fed.R.Civ.P. 60(b) is addressed to the sound discretion of the trial court. However, the mere outright refusal of the motion, without any justifying reason apparent from the record before us, requires that we conclude that the refusal was in error. *Cf.* Foman v. Davis,

371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Particularly in the delicate area of federal-state habeas corpus relationships, controversies ought to be resolved on their merits in the absence of strong countervailing reasons such as undue delay, deliberate dilatory tactics, prejudice to the opposing party, or repeated failures to cooperate in good faith to protect constitutional rights.

The cause is remanded to the trial court with directions either to vacate its June 1 and June 4 orders and allow the City of Miami to present a defense on the merits to the petition for writ of habeas corpus or, in the alternative, to make findings of fact and conclusions of law on the basis of a supplemental record, which will expressly disclose why the court finds that the City of Miami is not entitled to relief from these orders.

The order appealed from is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.